FILED
02 SEP 30 AM 8:57
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LARRY CRANE, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>GARY SCOTT; et al., )<br>)<br>Defendant. ) | CV 01-B-2957-S<br><br>ENTERED<br>SEP 30 2002 |

**MEMORANDUM OPINION**

This case is presently pending before the court on motions to dismiss filed by Defendant Houston County Sheriff's Department, (doc. 14), and Defendants Jefferson County Sheriff's Department, W.B. Miller, Rick Sharit, and M.V. Lampman, (doc. 10). For the reasons set forth below, the motion to dismiss filed by the Houston County Sheriff's Department is due to be granted and the motion to dismiss filed by the Jefferson County Sheriff's Department, Miller, Sharit, and Lampman is due to be granted in part and denied in part.

### I. MOTION TO DISMISS STANDARD

The standard for deciding a motion to dismiss is well-settled in this Circuit:

> When reviewing the dismissal of a complaint under Fed. R. Civ. P. 12(b)(6), this Court must accept the allegations set forth in the complaint as true. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *see also*, *Wright v. Newsome*, 795 F.2d 964, 967 (11th Cir. 1986)("We may not affirm unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claims in the complaint that would entitle him or her to relief.").



*Gonzalez v. McNary*, 980 F.2d 1418, 1419 (11th Cir. 1993); *see also Jackson v. Okaloosa County*, 21 F.3d 1531, 1534 (11th Cir. 1994). Thus, a claim may be dismissed for failure to state a claim only if it is clear that no relief could be granted under any set of facts consistent with the allegations. *Hishon*, 467 U.S. at 73, 104 S. Ct. at 2232-33; *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 101-02, 2 L. Ed. 2d 80 (1957).

## II. **SUMMARY OF FACTS**[1]

Plaintiff purchased a horse trailer from Defendant Gary Scott, doing business as A Country Feed & Farm Supply. (Doc. 1 ¶ 16.) Sometime thereafter, Defendant Don Smith came to plaintiff's home and said that he believed plaintiff's trailer was his trailer. (*Id.* ¶ 20.) Smith told plaintiff that he had given the trailer to Scott to sell and that Scott had not paid him for the trailer; he stated that Scott had given him a check and that the check had bounced. (*Id.*) He also told plaintiff that he had filed a report with the Houston County Sheriff's Department, reporting the trailer as stolen. (*Id.*) He also told plaintiff that he and his "buddies" had listed the trailer as stolen on NCIC. (*Id.*) Plaintiff told Smith that he had paid for the trailer and that Smith could not to come onto his property and could not take the trailer. (*Id.*)

The following day, Smith and deputies from the Jefferson County Sheriff's Department, without a warrant, went to plaintiff's house and told him that they were there

---

[1] In deciding whether plaintiff states a cause of action upon which relief may be granted, the court assumes the truth of the material facts alleged in the complaint. *U.S. v. Pemco Aeroplex, Inc.*, 195 F.3d 1234, 1236 (11th Cir. 1999). Therefore, a trial or other proceedings might show the actual facts to be different from the allegations set out here as "facts."

to get the trailer. (*Id.*) When plaintiff told them to stay off his property, the deputies told him that he would be arrested for possession of stolen property if he did not allow them to take the trailer. (*Id.*) During this time, Smith brandished a pistol. (*Id.*) Despite plaintiff's insistence that he had the title to the trailer, Smith and the deputies took the trailer away. (*Id.*)

The deputies told plaintiff that they were taking the trailer as evidence and that they would not give it to Smith. (*Id.*) However, an unidentified deputy told plaintiff, unless plaintiff got a court order, the trailer would be given to Smith to avoid storage charges. (*Id.*) Plaintiff told the deputy that he was willing to pay for the storage charges to keep the property in Jefferson County, and the deputy agreed not to give the trailer to Smith. (*Id.* ¶ 21.)

Sometime later, a deputy from the Jefferson County Sheriff's department told Smith that the trailer should never have been taken from plaintiff's property and that the matter was a civil matter, not a criminal matter. (*Id.* ¶ 22.) Nevertheless, without notice to plaintiff, Smith took possession of the trailer and moved it to Houston County. (*Id.*)

Plaintiff claims, pursuant to § 1983, that the Houston County Sheriff's Department, the Jefferson County Sheriff's Department, and certain named sheriffs' deputies, wrongfully seized the trailer and denied plaintiff his property interest in the trailer without due process of law. (*Id.* ¶23.) He also alleges that these deputies, conspiring with Smith, misrepresented that the trailer was stolen and/or wrongfully possessed by plaintiff, (*id.* ¶ 28); aided and

assisted Smith in converting the trailer, (*id.* ¶ 32); and used such force and coercion to take the trailer as to constitute assault and intentional infliction of emotional distress, (*id.* ¶34).

Motions to Dismiss have been filed by the Jefferson County Sheriff's Department and its deputies – W.B. Miller, Rick Sharit, and M.V. Lampman, (doc. 10), and by the Houston County Sheriff's Department. Plaintiff has filed his opposition to these motions. Upon consideration of the record, the submissions of the parties, the arguments of counsel, and the relevant law, the court is of the opinion that the motions for summary judgment are due to be granted in part and denied in part.

### III. DISCUSSION

A     **MOTION TO DISMISS HOUSTON COUNTY SHERIFF'S DEPARTMENT AND JEFFERSON COUNTY SHERIFF'S DEPARTMENT**

In his complaint plaintiff named the "Houston County Sheriff's Department" and the "Jefferson County Sheriff's Department." (Doc. 1, ¶¶ 10-11.) Defendants contend that a "Sheriff's Department" is not a legal entity subject to suit and that a county sheriff has Eleventh Amendment immunity from suit in federal court.

    1.    **Sheriff's Department is not a legal entity subject to suit.**

Pursuant to Alabama law, a Sheriff's Department is not a legal entity subject to suit. *White v. Birchfield*, 582 So. 2d 1085, 1087 (Ala. 1991). Therefore, all claims against the Houston County Sheriff's Department and the Jefferson County Sheriff's Department are due to be dismissed.

2. **County Sheriff may not be sued in federal court.**

In his opposition to defendants' motions to dismiss, plaintiff states:

> With regard to the entities documented as Jefferson County and Houston County Sheriff's Departments to the extent they are not a recognizable entit[ies] which may be sued, Plaintiff does not object to their dismissal without prejudice such as not to prohibit addition additional parties, to wit: Jefferson County and Houston County, and individual sheriffs within the time provided by the Parties Report of Planning Meeting and resulting Scheduling Order of this Honorable Court.

(Doc. 30, ¶ 7.)

Jefferson County and Houston County are not responsible for claims against their respective sheriffs or deputies. A sheriff in Alabama is an official of the State of Alabama, not of the county in which he serves. *See McMillian v. Johnson*, 88 F.3d 1573, 1580-81 (11th Cir. 1996)(citations omitted), *aff'd sub nom.*, *McMillian v. Monroe County*, 520 U.S. 781 (1997). Therefore, plaintiff may not amend his complaint to substitute Jefferson County for the Jefferson County Sheriff's Department, and he may not substitute Houston County for the Houston County Sheriff's Department.

Moreover, the sheriffs of Jefferson County and Houston County are state officials, actions against them – in their official capacities – are the same as actions against the State of Alabama. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985)(a suit against a public official in his official capacity is – in all respects – one against the entity he represents). Suits in federal court against a State seeking money damages are barred by the Eleventh

5

Amendment to the United States Constitution.[2] This suit seeks only money damages. (Doc. 1 ¶ 35.) Therefore, plaintiff may not amend his complaint to name either or both the current Sheriff of Jefferson County in his official capacity or the current Sheriff of Houston County in his official capacity as such claims are barred by the Eleventh Amendment. *See Green v. Mansour*, 474 U.S. 64, 67-68 (1985).

### B. MOTIONS TO DISMISS W.B. MILLER, RICK SHARIT, AND M.V. LAMPMAN.

Plaintiff's complaint alleges claims against three Jefferson County Deputy Sheriffs – W.B. Miller, Rick Sharit, and M.V. Lampman. Plaintiff's claims are asserted against the deputies in their individual capacities. Plaintiff complaint alleges federal and state-law claims against the deputies; the deputies contend that they have qualified immunity from the federal claims and state sovereign immunity.

**1. Deputies are not entitled to qualified immunity as to plaintiff's § 1983 claim arising from the warrantless seizure of the trailer.**

Defendants contend that they are entitled to qualified immunity from plaintiff's § 1983 claims. Specifically, defendants argue:

> The Complaint merely alleges that the Deputy Defendants took possession of a trailer that was reported stolen by the Houston County Sheriff's Department. The allegation that a trailer was recovered by law-enforcement officers in reliance on a report and information provided by

---

[2]The Eleventh Amendment of the United States Constitution states: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." "Although not readily apparent from the amendment's text, it has long been settled that the amendment applies equally to suits against a state brought in federal court by citizens of that state." *Harbert International, Inc. v. James*, 157 F.3d 1271, 1277 (11th Cir. 1998)(citing *Hans v. Louisiana*, 134 U.S. 1, 18-19(1890)).

another law-enforcement agency is insufficient on its face to allege a violation of constitutional rights that are clearly established by U.S. Supreme Court or Eleventh Circuit case law.

(Doc. 10.) Defendant does not cite any law to support its assertion that a law enforcement officer may seize property that has been reported as stolen without a warrant and without exigent circumstances allowing its seizure without a warrant. Indeed, the court could find no such case in the Eleventh Circuit or in any other federal circuit.

The Fourth Amendment to the United States Constitution provides:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. CONST. amend. IV.[3]

"The provisions of the Fourth Amendment are enforceable against the States through the Fourteenth [Amendment], and it is axiomatic that 'searches conducted outside the judicial process, without prior approval by judge or magistrate, are per se unreasonable under the Fourth Amendment – subject only to a few specifically established and well delineated exceptions.'" *Colorado v. Bannister*, 449 U.S. 1, 2-3 (1980)(quoting *Katz v. United States*, 389 U.S. 347, 357 (1967)). There are some established "exceptions to the warrant requirement" that are "based upon the circumstances of the case." *Illinois v. McArthur*, 531 U.S. 326, 330 (2001)(citing *Pennsylvania v. Labron*, 518 U.S. 938, 940-41 (1996) (per

---

[3]The Fourth Amendment is applicable to the States through the Fourteenth Amendment. *Ker v. California*, 374 U.S. 23, 30 (1963).

curiam) (search of automobile supported by probable cause); *Michigan Dept. of State Police v. Sitz*, 496 U.S. 444, 455 (1990) (suspicionless stops at drunk driver checkpoint); *United States v. Place*, 462 U.S. 696, 706 (1983) (temporary seizure of luggage based on reasonable suspicion); *Michigan v. Summers*, 452 U.S. 692, 702-705 (1981) (temporary detention of suspect without arrest warrant to prevent flight and protect officers while executing search warrant); *Terry v. Ohio*, 392 U.S. 1, 27 (1968) (temporary stop and limited search for weapons based on reasonable suspicion)). There are also exceptions based on "exigent circumstances" or other "plausible claim of specially pressing or urgent law enforcement need." *Id.* at 331 (citing *Place*, 462 U.S. at 701 ("[T]he exigencies of the circumstances" may permit temporary seizure without warrant); *Warden, Md. Penitentiary v. Hayden*, 387 U.S. 294, 298-99 (1967) (warrantless search for suspect and weapons reasonable where delay posed grave danger); *Schmerber v. California*, 384 U.S. 757, 770-71 (1966) (warrantless blood test for alcohol reasonable where delay would have led to loss of evidence)).

Since the time the Constitution was drafted, the law has required law enforcement officers to obtain a warrant to seize allegedly stolen property from a person's home. Indeed, the Supreme Court has recognized that the English common-law stolen-goods warrant provided the model for a "reasonable search" at the time the Fourth Amendment was drafted. *Gerstein v. Pugh*, 420 U.S. 103, 116 n.17 (1975). The Court described the model of a reasonable search as follows:

> The victim was required to appear before a justice of the peace and make an oath of probable cause that his goods could be found in a particular place. After the warrant was executed, and the goods seized, the victim and the

   alleged thief would appear before the justice of the peace for a prompt determination of the cause for seizure of the goods and detention of the thief.

*Id.* (citing *Boyd v. United States*, 116 U.S. 616, 626-29 (1886); 2 M. Hale, PLEAS OF THE CROWN 149-52 (1736); T. Taylor, TWO STUDIES IN CONSTITUTIONAL INTERPRETATION 24-25, 39-40 (1969)).

  As set forth in the complaint, Smith obtained the assistance of the Houston and Jefferson County deputies to take the trailer in plaintiff's possession. The deputies assisted him and took the trailer from plaintiff's home without a warrant and over plaintiff's protestations. No exigent or special circumstances appear on the face of the complaint or in defendants' motion to dismiss sufficient to allow a warrantless seizure. Indeed, the deputies brief in support of their motion to dismiss states only that they seized the trailer "in reliance on a report and information provided by another law-enforcement agency." (Doc. 10 at 9.) Reliance on a report of the existence of stolen property is not a recognized exception to the clearly established law that the state may not enter a person's property and seize property found therein without a warrant.

  Therefore, the court finds that the Complaint alleges facts sufficient to indicate that the deputies violated clearly established law when they entered plaintiff's property and took his trailer, without a warrant. The deputies' motion to dismiss the federal claims based on qualified immunity is due to be denied.

### 2. Deputies are entitled to state-law immunity based on plaintiff's claims arising from the warrantless seizure of the trailer.

Defendants contend that Section 14 of the Alabama Constitution provides them with absolute immunity as to plaintiff's state-law claims. (Doc. 10 at 3-4.) The court agrees.

The Eleventh Circuit Court of Appeals has held that the law is "clear;" Alabama sheriffs and sheriff deputies have sovereign immunity for all claims asserted against them in their individual capacities. *McMillian v. Johnson*, 101 F.3d 1363, 1365 (11th 1996)(citing *Tinney v. Shores*, 77 F.3d 378 (11th Cir.1996)), *cert. denied McMillian v. Tate*, 521 U.S. 1121 (1997).

Therefore, plaintiff's state law claims against the deputies are due to be dismissed based on the deputies' state sovereign immunity.

### CONCLUSION

Based on foregoing, the motion to dismiss filed by the Houston County Sheriff's Department, (doc. 13), is due to be granted. The motion to dismiss filed by the Jefferson County Sheriff's Department, Miller, Sharit, and Lampman, (doc. 10), is due to be granted in part and denied in part. The motion to dismiss plaintiff's § 1983 claims against Miller, Sharit, and Lampman, arising from their participation in the seizure of plaintiff's trailer without a warrant, is due to be denied. The motion to dismiss is due to be granted as to the remaining state law claims against the deputies and all claims the Jefferson County Sheriff's Department.

An appropriate order consistent with this memorandum opinion will be entered contemporaneously herewith.

**DONE** this 30th day of September, 2002.

*Sharon Lovelace Blackburn*
**SHARON LOVELACE BLACKBURN**
United States District Judge