United States District Court<br>Northern District of Alabama<br>SOUTHERN Division

03 SEP -8 PM 1: 32

DISTRICT COURT
N.D. OF ALABAMA

| LARRY CRANE, | ] |
| --- | --- |
| Plaintiff(s), | ] |
| vs. | ] CV01-CO-02957-S |
| GARY SCOTT, | ] |
| Defendant(s). | ] |

ENTERED
SEP 0 8 2003

## MEMORANDUM OF OPINION

This cause is before the court for consideration of defendants' motion to amend the judgment of September 30, 2003. (Doc. 62) and related motions to strike the affidavit of Larry Crane (Doc. 92, 94)[1] and to strike the plaintiff's response. (Doc. 95).[2] The motions have been fully briefed and are ready for consideration.

This action arises out of the seizure of a horse trailer from plaintiff's property by deputies from the Jefferson County Sheriff's Department. The court set out the alleged facts in its order of September 30, 2002, and they need not be re-stated here. (Doc. 48). In the September 30, 2002, order, the court dismissed all claims against the Houston County Sheriff's Department and the Jefferson County Sheriff's Department. Further, the

---

[1] The affidavits are extrinsic to the complaint and cannot, therefore, be considered on a motion to dismiss. To the extent the affidavits were submitted to show what information the plaintiff might add to an amended complaint, the court finds the statements would not change the outcome with regard to the qualified immunity defense. Therefore, the affidavits will be stricken and will not be considered in connection with this motion to dismiss.

[2] This motion was filed by defendant Don Smith, who is not a moving party in connection with the motion to dismiss. He contends the plaintiff's response should be stricken because it includes conclusory statements about him which are not undisputed facts. Because any fact as alleged in the complaint must be taken as true in the consideration of this motion to dismiss, the plaintiff is entitled to rely on those facts in his argument in brief. The motion to strike plaintiff's response is, therefore, due to be denied.



court found that the defendant Jefferson County Deputy Sheriffs - W.B. Miller, Rick Sharit, and M.V. Lampman were absolutely immune from suit as to the plaintiffs' state law claims. However, the court did not dismiss the federal claims asserted against deputies Miller, Sharit and Lampman, concluding qualified immunity did not apply.[3] [Doc. 48, pp. 6-9].

In the present motion, defendants Miller, Sharit, and Lampman urge the dismissal of all the federal claims against them, arguing that the court inappropriately shifted the burden of proving qualified immunity to them in its September 30, 2002, order and that qualified immunity bars the federal claims asserted against them because the plaintiff cannot show they violated a clearly established constitutional right. Upon reconsideration, this court agrees that the burden of proof was inappropriately placed on the defendants in its September 30 order, and that qualified immunity applies to bar the claims against them.

Once a defendant proves he was acting within his discretionary authority when the allegedly wrongful acts occurred, the burden shifts to the plaintiff to prove that qualified immunity does not apply. *Lee v. Ferraro*, 284 F.3d 1188, 1194 (11th Cir. 2002). To meet this burden, the plaintiff must show (1) the allegations, if true, establish a constitutional violation; and (2) the constitutional right at issue was clearly established at the time of the alleged violation. *Vinyard v. Wilson*, 311 F.3d 1340, 1346 (11th Cir. 2002) (quoting *Harlow v. Fitzgerald*, 4567 U.S. 800, 818 (1982)). To show the constitutional right was clearly established at the time of the violation, the plaintiff may (1) show the words of the federal statute or constitutional provision are so clear and the conduct so bad that case law is not needed to establish the conduct is unlawful; (2)a broad statement of principle in case law

---

[3]Plaintiff's federal claims are asserted against the deputies in their individual capacities.

which is not tied to particularized facts has clearly established the law applicable to the plaintiff's detailed set of facts; or (3) there is a significant degree of factual similarity between the circumstances facing the government official in the plaintiff's case and the factual circumstances in a Supreme Court or Eleventh Circuit case declaring such conduct unconstitutional. *Vinyard*, 311 F.3d at 1350-51.

The plaintiff alleges the defendant deputies seized a horse trailer from his property without a warrant. Since the alleged actions were undertaken in pursuit of their duties and within the scope of their authority, the defendants have met their burden of proving they were acting within the scope of their discretionary authority. *Rich v. Dollar*, 841 F.2d 1558, 1564 (11th Cir. 1988). Thus, the burden shifts to the plaintiff to establish that qualified immunity does not apply because the defendants violated a clearly established constitutional right. The plaintiff has not met this burden.

This court previously recognized that there is a broad, general right to be free of warrantless seizures of one's property absent circumstances excusing a warrant. However, this broad, general right, though clearly established, is insufficient to defeat the defendants' claim of qualified immunity. *Anderson v. Creighton*, 483 U.S. 635, 640-41 (1987). The plaintiff must do more than convince the court that, in hindsight, a warrant was required in these circumstances. Rather, the plaintiff must point to some legal precedent, existing prior to the seizure of the trailer, which would clearly show the deputy defendants that their warrantless seizure of a trailer sitting in plain view outside plaintiff's dwelling, based on information from another law enforcement agency that the trailer was stolen, would be unlawful because no exception to the warrant requirement applied. This, the plaintiff has not done.

Accordingly, the "Motion to Alter or Amend Judgment" will be GRANTED, and the remaining claims against defendants Miller, Sharit, and Lampman will be DISMISSED. An appropriate order in conformity with this opinion will be entered.

Done, this ___5___ of September, 2003.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE