UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LARRY CRANE, | ] |
| | ] |
| Plaintiff, | ] |
| | ] |
| vs. | ] CV-01-CO-02957-S |
| | ] |
| GARY SCOTT, et al., | ] |
| | ] |
| Defendants. | ] |

MEMORANDUM OPINION

I.  Introduction.

The Court has for consideration defendant Don Smith d/b/a/ Dixie Horse & Mule Company's ("Mr. Smith") amended motion for summary judgment, which was filed on March 2, 2004.  (Doc. 118.)  The plaintiff, Larry Crane, asserts that the defendant violated his rights under 42 U.S.C. § 1983, and alleges state claims against Mr. Smith for fraud, conversion, intentional infliction of emotional distress, and assault.  (Doc. 1.)  The issues raised in Defendant's motion for summary judgment have been fully briefed by both parties and are now ripe for decision.  Upon full consideration, Defendant's motion is due to be granted.

II.     Facts.[1]

On March 10, 2001, defendant Don Smith d/b/a Dixie Horse & Mule Company sold Gary Scott a horse trailer. Mr. Scott gave a check to Mr. Smith as payment for the trailer. Before the check was cashed or deposited, title to the trailer was issued to Gary and Sandra Scott. After receiving title to the trailer, Mr. Scott advised Mr. Smith that he could not afford the trailer. Mr. Smith instructed Mr. Scott to sell the trailer.

Plaintiff Larry Crane purchased the horse trailer from Mr. Scott at his place of business on April 30, 2001. Mr. Smith later presented Mr. Scott's check, but a stop payment prevented him from collecting. Mr. Smith then approached Jefferson and Houston County authorities about the situation. The Houston County Sheriff's Department listed the trailer in the NCIC database as stolen and issued a warrant for Mr. Scott's arrest.

In June, Mr. Smith made a trip to Jefferson County, Alabama and, after receiving information that Mr. Crane had acquired a horse trailer, arrived at

---

[1]The facts set out in this opinion are gleaned from the parties' submissions of facts claimed to be undisputed, their respective responses to those submissions, and the Court's own examination of the evidentiary record. All reasonable doubts about the facts have been resolved in favor of the nonmoving party. *See Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002). These are the "facts" for summary judgment purposes only. They may not be the actual facts. *See Cox v. Adm'r U.S. Steel & Carnegie Pension Fund*, 17 F.3d 1386, 1400 (11th Cir. 1994).

Plaintiff's residence. Mr. Smith asked Mr. Crane whether he could check the serial number on the trailer; he refused permission. Disregarding Mr. Crane's wishes, Mr. Smith entered the property and recorded the serial number of the trailer. Mr. Smith then told Mr. Crane that the trailer was his. Mr. Crane informed Mr. Smith that he had paid for the trailer and had all the necessary paperwork to prove his ownership. Mr. Smith nonetheless contacted the authorities.

Jefferson County Sheriff's Officer W.B. Miller and Sergeant Rick Sharit accompanied Mr. Smith to Plaintiff's property. After talking with both Mr. Crane and Mr. Smith, Sgt. Sharit impounded the trailer without a warrant. An independent wrecker service was contacted and the trailer was towed.

On June 15, 2001, Mr. Crane's attorney wrote the Jefferson County Sheriff's Department a letter, which included a copy of Mr. Crane's title to the trailer, his bill of sale, and a demand for the trailer's release. In July, Mr. Crane's attorney promised to pay storage fees for the trailer. The Jefferson County Sheriff's Department, however, released the trailer to Mr. Smith on July 13, 2001.

Mr. Crane filed a complaint alleging violations of 42 U.S.C. § 1983, as well as state claims of fraud, conversion, intentional infliction of emotional distress, and assault against Gary and Sandra Scott d/b/a A Country Feed & Farm Supply, Don Smith d/b/a Dixie Horse & Mule Company, Exiss Aluminum Trailers, Inc., the Houston and Jefferson County Sheriff Departments, Eric L. Sewell, W.B. Miller, Rick Sharit, and M.V. Lapman.  At this point in the litigation, only defendants Don Smith and Gary and Sandra Scott remain.

III.    Standard.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the evidence] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The movant can meet this burden by presenting evidence showing that there is no genuine dispute of material fact, or by

showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Celotex*, 477 U.S. at 322–23. In evaluating the arguments of the movant, the court must view the evidence in the light most favorable to the nonmoving party. *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996).

Once the moving party has met his burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)). "A factual dispute is genuine only if a 'reasonable jury could return a verdict for the nonmoving party.'" *Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002) (quoting *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1437 (11th Cir. 1991)).

IV. Discussion.

    A. Section 1983 Liability.

In his complaint, Mr. Crane alleges that the Houston and Jefferson County Sheriff Department law enforcement officers collaborated with Mr.

Smith to "intentionally and willfully" violate his civil rights through the "wrongful taking of the plaintiff's horse trailer without due process of law, without any court order, and/or by the use of overwhelming force and intimidation and by the threat of arrest and incarceration." (Doc. 1 at 10.) Plaintiff asserts that these acts constitute a violation of 42 U.S.C. § 1983.

"To maintain a 42 U.S.C.A. § 1983 action, the conduct complained of must have been committed by *a person acting under color of state law* and must result in a deprivation of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Bendiburg v. Dempsey*, 909 F.2d 463, 468 (11th Cir. 1990) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *Scott v. Dixon,* 720 F.2d 1542, 1545 (11th Cir. 1983), *Brown v. Miller*, 631 F.2d 408, 410 (5th Cir. 1980)) (emphasis added). Defendant argues that he cannot be liable under § 1983 because he is a private party and not a state actor (Doc. 119 at 5), and any decision that may have resulted in a constitutional violation was made by law enforcement officers alone (*Id*. at 7).[2]

Indeed, a private party acts "under color of state law" for the

---

[2]Defendant does not argue that there was no underlying deprivation of constitutional or federal rights, so the Court will not address this issue.

purposes of § 1983 in limited circumstances. Private parties can be liable as state actors under § 1983 if:

> (1) the State has coerced or at least significantly encouraged the action alleged to violate the Constitution ("State compulsion test"); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the State ("public function test"); or (3) "the State has so far insinuated itself into a position of interdependence with the [private parties] that it was a joint participant in the enterprise[]" ("nexus/joint action test").

*Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001). Private parties can also be liable if they "act in concert with the state officials in depriving a plaintiff of constitutional rights," *Bendiburg*, 909 F.2d at 468, or act as an agent of the state, *Adickes v. Kress & Co.*, 398 U.S. 144, 152 (1970).

Plaintiff has not presented any evidence that Mr. Smith was a state actor or agent of the state at the time of the alleged constitutional violations involving the seizure of his horse trailer from his property in June of 2001. Plaintiff points to the deposition testimony of Detective Lampman from the Jefferson County Sheriff's Department in support of his argument that Mr. Smith was the "agent and representative of [the] Houston County Sheriff's Department and[,] in that capacity[,] was a state actor." (Doc. 135 at 2.)

In his deposition, Detective Lampman states that "Eric Sewell named Mr. Smith as the agent for Houston County, so we let him take possession of the trailer." (*Id.* at Ex. 9.)  When questioned about this "agency," Detective Lampman says that Mr. Smith "was the one to whom the trailer was supposed to be turned over . . . the one designated to pick up the trailer . . . the person who we released the trailer to." (*Id.*)  Assuming Detective Lampman's testimony that Eric Sewell named Mr. Smith as an agent is not hearsay and is admissible to prove that Mr. Smith was an agent of the state—which it is not—this testimony only shows that Mr. Smith was an "agent" for the purposes of transporting the trailer from Jefferson County to Houston County.  It is not evidence that Mr. Smith was an "agent" of the state at the time of the alleged constitutional violations in June of 2001.

Plaintiff has also failed to present any evidence that Mr. Smith may be held liable under § 1983 for acting in concert with state officials when the alleged constitutional violations occurred.  "Conspiring to violate another person's constitutional rights violates section 1983," but in order "[t]o establish a prima facie case of section 1983 conspiracy, a plaintiff must show, among other things, that the defendants 'reached an understanding to

violate [his] rights.'" *Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1283 (11th Cir. 2002). There must be "some evidence of agreement." *Id.* at 1284. Although Plaintiff asserts in his complaint that Mr. Smith "conspired" and "collaborated" with law enforcement authorities to wrongfully take possession of Plaintiff's trailer (Doc. 1 at 8, 10), he appears to abandon that argument in his brief. Instead, Plaintiff now alleges that Mr. Smith "by omission and commission actively and passively misled Jefferson County law enforcement [by] making them *unwitting partners* to his scheme." (Doc. 135 at 2.) (emphasis added). While the plaintiff "does not have to produce a 'smoking gun' to establish the 'understanding' or 'willful participation' required to show a conspiracy, . . . [a] mere 'scintilla' of evidence . . . will not suffice." *Rowe*, 279 F.3d at 1284. Mr. Crane has not even pointed to a scintilla of evidence that supports a claim of conspiracy. Therefore, Defendant's motion for summary judgment is due to be granted on Plaintiff's § 1983 claim.

B.   State Law Claims.

Mr. Crane also alleges state law claims of fraud, conversion, intentional infliction of emotional distress, and assault. (Doc. 1.) A district court may

decline to exercise jurisdiction over state law causes of action if "the district court has dismissed all claims over which it had original jurisdiction." 28 U.S.C. § 1367(c)(3); *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). Because this Court has concluded that Defendant's motion for summary judgment is due to be granted on Plaintiff's § 1983 claim, the Court declines to exercise jurisdiction over Plaintiff's state law claims.

V. Conclusion.

For the reasons stated above, Defendant's motion for summary judgement is due to be granted in all respects. A separate order in conformity with this opinion will be entered.

Done this   19th   day of January 2005.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE